1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT
9                            FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   JASON LATRELL THOMAS,                        No. 2:14-cv-2995 KJN P
12                  Plaintiff,
13         v.                                     ORDER
14   JEFF MCCOMBER, et al.,
15                  Defendants.
16
17        Plaintiff is a state prisoner, proceeding without counsel.  Plaintiff seeks relief pursuant to
18   42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
19   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
20   § 636(b)(1).
21        By order filed January 9, 2015, plaintiff was directed to submit his certified trust account
22   statement.  On January 21, 2015, plaintiff filed a request for extension of time to provide the
23   statement.  However, plaintiff noted that he is also pursuing a case in Thomas v. Guffey, Case
24   No. 2:14-cv-0066 JAM KJN P (E.D. Cal.).  In Guffey, plaintiff provided a certified copy of his
25   trust account statement, and was granted leave to proceed in forma pauperis.  Good cause
26   appearing, the court takes judicial notice of plaintiff's filing in Guffey, and grants plaintiff's
27   request to proceed in forma pauperis in the instant action.  Plaintiff is relieved of his obligation to
28   provide the statement, and his request for extension of time is therefore moot.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

////

2

pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### 1. Class Action and Claims for Injunctive Relief

Plaintiff filed this matter as a class action, allegedly on behalf of himself and all inmates housed in the Psychiatric Security Housing Unit at the California State Prison, Sacramento ("CSP-SAC"). Plaintiff, however, is a non-lawyer proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See McShane v. United States, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976). This action, therefore, will not be construed as a class action and instead is construed as an individual civil suit brought by plaintiff.

Moreover, plaintiff alone signed the complaint, and he provided no declarations by other inmates housed with him at CSP-SAC indicating that such inmates wished to participate in a class action. Also, it appears that the nature of plaintiff's claims involving the alleged class members pertain to rules, laws and policies governing the treatment of mentally-ill inmates housed at CSP-SAC under the Behavioral Incentive Program. In addition to monetary damages, plaintiff seeks injunctive relief suspending "the Behavioral Incentive Program and any rule, policy or procedure [used] to treat the mentally ill prisoner differently from other inmates in the same custody class." (ECF No. 1 at 10.) Such broad and systemic injunctive relief claims are barred by the pending class action, Coleman v. Schwarzenegger, No. 2:90-cv-0520 LKK JFM (E.D. Cal.). Thus, any such claims must be raised by counsel for the plaintiff class in Coleman.

For all of the above reasons, plaintiff's motion to appoint counsel to represent the class is denied.

In addition, plaintiff has now been transferred to Corcoran State Prison ("CSP-COR"). A preliminary injunction becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d

1047, 1053 n.5 (9th Cir. 2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir. 1991) (per curiam)); Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him). Thus, plaintiff's injunctive relief claims based on factual allegations personal to him are moot.

### 2. Retaliation Claims

Plaintiff alleges that defendants Martinez, Crews, Blessing, and Dr. Franzen retaliated against plaintiff based on their efforts to get him to drop inmate appeals and court actions, or to stop filing grievances against them.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

While not entirely clear, it appears that plaintiff may be able to state cognizable retaliation claims against defendants Martinez, Crews, Blessing, and Dr. Franzen. Plaintiff is granted leave to file an amended complaint to raise such allegations, provided he can allege specific facts demonstrating each element required under Rhodes.

### 3. Dismissal With Leave To Amend

The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed.

4

R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'" Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

5

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    4. Motion for Referral

On January 21, 2015, plaintiff filed a motion for referral to the pro bono counsel to obtain voluntary counsel on behalf of plaintiff. Plaintiff contends that he was appointed counsel in Guffey based on his mental illness, and argues that he should therefore be appointed counsel in this case as well.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that

warrant a request for voluntary assistance of counsel.

In light of the above, no operative complaint is on file, and the court is therefore unable to determine the likelihood of success on the merits of plaintiff's claims. In <u>Guffey</u>, a scheduling order had issued, and jury trial was scheduled for May 5, 2015. <u>Id.</u>, ECF No. 114 at 1. Moreover, review of plaintiff's cases reflects that plaintiff is articulate and able to comply with court orders, as well as file pro se motions and seek discovery in support of his cases. <u>See, e.g.</u>, <u>Thomas v. Voong</u>, Case No. 2:12-cv-0471 MCE CMK (E.D. Cal.); <u>Guffey</u>, 2:14-cv-0066 JAM KJN. In addition, plaintiff states that he is "in the process also of getting a higher level of mental health care at this time and [he is] currently stabilized due to taking psychiatric medications consistently." (ECF No. 6 at 4.)

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff's request for the referral at this time is premature, and is denied without prejudice.

5. Consent

In his January 21, 2015 filing, plaintiff stated that he wished to consent to the jurisdiction of the undersigned, but that the consent form was housed in his legal materials. Plaintiff must file his consent on the form provided. Therefore, the Clerk of the Court is directed to send plaintiff the consent form.

6. Exhaustion of Administrative Remedies

Plaintiff's complaint was not submitted on the court's form for filing a civil rights complaint under 42 U.S.C. § 1983, and plaintiff failed to address whether he exhausted his administrative appeals as to all of his retaliation claims raised in his complaint.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an

////

////

////

7

adverse effect upon their welfare." Cal. Code Regs. tit. 15, §§ 3084.1(a), et seq.[1] Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.

Failure to exhaust is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216 (2007). However, plaintiff risks further delay if he fails to properly exhaust his administrative remedies prior to bringing them in federal court inasmuch as defendants may seek dismissal of such unexhausted claims later in the proceedings. Given that plaintiff's retaliation claims against defendants Martinez and Crews are based on incidents that occurred on November 24, 2014, and November 23, 2014, respectively, it is unlikely that plaintiff had exhausted his administrative appeals as to such retaliation claims by the December 22, 2014 date he signed the original complaint. Because CSP-SAC and CSP-COR are both under the control of the California Department of Corrections and Rehabilitation and are governed by the same regulations concerning administrative grievances, plaintiff's transfer to a different prison does not prevent him from pursuing his administrative remedies. Roman v. Washington, 2011 WL 1331962 (E.D. Cal. April 5, 2011). Moreover, plaintiff's transfer to CSP-COR does not fall

---

[1] On January 28, 2011, California prison regulations governing inmate grievances were revised. Cal. Code Regs. tit. 15, § 3084.7. Now inmates in California proceed through three levels of appeal to exhaust the appeal process: (1) formal written appeal on a CDC 602 inmate appeal form, (2) second level appeal to the institution head or designee, and (3) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Cal. Code Regs. tit. 15, § 3084.7. Under specific circumstances, the first level review may be bypassed. Id. The third level of review constitutes the decision of the Secretary of the CDCR and exhausts a prisoner's administrative remedies. See id. § 3084.7(d)(3). Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services. A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002). Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(3). Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, §§ 3084.2(a)(4). An inmate now has thirty calendar days to submit his or her appeal from the occurrence of the event or decision being appealed, or "upon first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b).

within the narrow exceptions for failure to exhaust under current law. See, e.g., Nunez v. Duncan, 591 F.3d 1217, 1223-26 (9th Cir. 2010) (discussing potential exceptions to the exhaustion requirement and holding that, where a warden's mistake rendered a litigant's administrative remedies effectively unavailable, the litigant was excused from exhausting his claim); see also Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 35 (1st Cir. 2002) (the plaintiff's transfer to various locations under the custody of different officials did not relieve his obligation to exhaust administrative remedies before filing suit).

Moreover, plaintiff is cautioned that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Given that at least some of the retaliation allegations occurred in late 2014, plaintiff may wish to voluntarily dismiss this action while he completes the administrative exhaustion process, and then re-file his federal complaint once such claims are exhausted. Should plaintiff so request, the court would dismiss the action without prejudice to plaintiff's re-filing. If plaintiff chooses to dismiss the action voluntarily, the court will not impose the $350.00 filing fee. However, if plaintiff chooses to file an amended complaint, the filing fee will be assessed.[2]

7. Plaintiff's Access to Legal Materials

In his January 21, 2015 filing, signed January 16, 2015, plaintiff declares that he has "no access to legal property." (ECF No. 6 at 4.) Yet plaintiff references his civil action, Thomas v. Terry, Case No. 1:12-cv-0471, as well as his five criminal cases pending in the Sacramento County Superior Court. (ECF No. 6 at 3.) Moreover, the undersigned notes that plaintiff has recently filed documents in many of his pending cases, at least one of which addressed information concerning plaintiff's amended complaint. Guffey, Case No. 2-14-cv-0066 JAM KJN (January 16, 2015 filing identifying the true identity of a Doe defendant). Such filing suggests that plaintiff may now have access to his legal property, or at least minimum access to

////

---

[2] Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).

his legal property. However, in an abundance of caution, the undersigned will grant plaintiff sixty days in which to comply with this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within sixty days from the date of this order, plaintiff shall complete and file the attached Notice and inform the court whether he wishes to voluntarily dismiss this action or to file an amended complaint; if he chooses to amend, he shall submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

4. Plaintiff's motion for extension of time (ECF No. 6) is denied as moot.

5. Plaintiff's motion to appoint class counsel (ECF No. 3) is denied.

6. Plaintiff's motion for referral to the pro bono panel (ECF No. 7) is denied without prejudice.

7. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner, as well as the form Consent to Proceed Before a United States Magistrate Judge.

Dated: January 26, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/thom2995.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>        Plaintiff,<br><br>   v.<br><br>JEFF MCCOMBER, et al.,<br><br>        Defendants. | No.  2:14-cv-2995 KJN P<br><br><br>NOTICE |

Plaintiff was granted leave to voluntarily dismiss his action or to file an amended complaint in compliance with the court's order filed_____. Plaintiff chooses to:

    _____     Voluntarily dismiss this action;

  OR

    _____     File an Amended Complaint, which is appended.

DATED:

                                                         _____
                                                         Plaintiff