1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JASON LATRELL THOMAS,                          No.  2:14-cv-2995 KJN P

12                  Plaintiff,

13        v.                                        ORDER

14   JEFF MCCOMBER, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42

18   U.S.C. § 1983.  Plaintiff consented to proceed before the undersigned for all purposes.  See 28

19   U.S.C. § 636(c).  On January 26, 2015, the court dismissed plaintiff's complaint with leave to

20   amend.  On March 2, 2015, plaintiff filed a first amended complaint.

21        The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4   Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

5   2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

6   meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

7   1227.

8          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

9   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

12   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

13   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

14   sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

15   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

16   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v.

17   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

18   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

19   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the

20   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236

21   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

22          A.  Class Action and Class Claims for Injunctive Relief

23          Plaintiff's amended complaint must be dismissed based on plaintiff's failure to comply

24   with the January 26, 2015 order, for the following reasons.

25          First, plaintiff has again filed this matter as a class action, allegedly on behalf of himself

26   and all inmates housed in the Psychiatric Security Housing Unit at the California State Prison,

27   Sacramento ("CSP-SAC").  Plaintiff, however, is a non-lawyer proceeding without counsel.  It is

28   well established that a layperson cannot ordinarily represent the interests of a class.  See McShane

2

1   v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here,

2   the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams,

3   509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately

4   protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil

5   Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D. D.C. 1976).

6        As plaintiff was informed in this court's January 26, 2015 order, this action will not be

7   construed as a class action.  Rather, the action is an individual civil suit brought by plaintiff.

8   Because plaintiff again articulates many of his claims in terms of "the class," the first amended

9   complaint is dismissed, and plaintiff is granted leave to file a second amended complaint in which

10   he raises only allegations personal to himself.  Plaintiff is cautioned that his failure to comply

11   with this order may result in the imposition of sanctions, including the dismissal of this action.

12   Plaintiff is not a lawyer and cannot represent other inmates in a class action.  Moreover, because

13   plaintiff alleges that defendants' actions were in retaliation for the filing of grievances and civil

14   actions in court, each inmate must file his own lawsuit demonstrating that each defendant

15   retaliated against each inmate based on that inmate's conduct protected under the First

16   Amendment.  In addition, each inmate must first exhaust administrative remedies as to such

17   claims, naming each defendant within such grievances, prior to filing his own lawsuit in federal

18   court.  Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2011) (effective January 28, 2011, inmates are

19   required to identify the staff members involved by name, first initial, title or position, and the

20   dates of the staff member's involvement in the issue under appeal).

21        Second, plaintiff seeks a court order stopping the Behavioral Incentive Program at CSP-

22   SAC and appointing a receiver to oversee the CSP-SAC EOP PSU programs.  However, as

23   plaintiff was informed in the January 26, 2015 order, such claims for injunctive relief are barred

24   by the pending class action, Coleman v. Brown, No. 2:90-cv-0520 KJM DAD (E.D. Cal.).  The

25   class in Coleman was certified in 1991 and consists of "all inmates with serious mental disorders

26   who are now or will in the future be confined within the California Department of Corrections."

27   Id. (Nov. 14, 1991 Order, at 4-5.)  The class was later amended to include "all inmates with

28   serious mental disorders who are now, or will in the future, be confined within the California

1 Department of Corrections." Id. (July 23, 1999 Order Granting Stip. & Order Amending Plaintiff

2 Class and Application of Remedy.)  The court in Coleman ultimately entered an order for

3 injunctive relief under the supervision of a special master.  Coleman, 912 F.Supp. at 1323-24.

4 Here, plaintiff concedes that he suffers from a serious mental illness (ECF No. 12 at 12) which

5 makes him a member of the Coleman class.

6        "Individual suits for injunctive and equitable relief from alleged unconstitutional prison

7 conditions that are the subject of an existing class action 'must be made through the class

8 representative until the class action is over or the consent decree is modified.'"  Valdez v. Forte,

9 2010 WL 4861459, at *2 (E.D. Cal. Nov.22, 2010) (citing McNeil v. Guthrie, 945 F.2d 1163,

10 1166 (10th Cir. 1991)).  Thus, plaintiff cannot maintain his claims for injunctive relief seeking to

11 suspend the Behavioral Incentive Program in this action, but must seek relief as a member of the

12 class in Coleman.  Plaintiff should bring his concerns about the Behavioral Incentive Program to

13 the attention of class counsel for plaintiffs in the Coleman class action.

14        Third, Rule 41(b) of the Federal Rules of Civil Procedure provides:

15        **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or
to comply with these rules or a court order, a defendant may move
16        to dismiss the action or any claim against it.  Unless the dismissal
order states otherwise, a dismissal under this subdivision (b) and
17        any dismissal not under this rule--except one for lack of
jurisdiction, improper venue, or failure to join a party under Rule
18        19--operates as an adjudication on the merits.

19 Id.  Plaintiff is admonished that his continued failure to comply with this court's orders will result

20 in the dismissal of this action as a sanction for such failure.

21        B.  Retaliation Claims

22        Plaintiff alleges that defendants retaliated against him because he filed grievances and

23 civil actions in court.

24        "Prisoners have a First Amendment right to file grievances against prison officials and to

25 be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012)

26 (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the

27 prison context has five elements:  "(1) An assertion that a state actor took some adverse action

28 against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

4

1    chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

2    advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir.

3    2005).  Although the timing of an official's action can be circumstantial evidence of retaliation,

4    there must generally be something more than simply timing to support an inference of retaliatory

5    intent.  See Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995).

6         As plaintiff was previously informed, it appears that plaintiff may be able to state

7    cognizable retaliation claims against at least some of the defendants.[1]  (ECF No. 8 at 4.)

8    However, in his second amended complaint, plaintiff must allege facts demonstrating that each

9    named defendant took an adverse action against plaintiff because of specifically identified

10   conduct protected by the First Amendment, and that such defendant's action did not advance a

11   legitimate correctional goal.  Plaintiff should only include allegations personal to him; in other

12   words, plaintiff shall not include allegations concerning "the class."  Plaintiff is granted leave to

13   file a second amended complaint to raise facts alleging actions each named defendant took

14   against plaintiff, demonstrating each element required under Rhodes as to each named defendant.

15        C.  Dismissal With Leave To Amend

16        The court has determined that the amended complaint does not contain a short and plain

17   statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

18   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

19   succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must

20   allege with at least some degree of particularity overt acts which each named defendant engaged

21   in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements

22   of Fed. R. Civ. P. 8(a)(2), and to comply with the January 26, 2015 order, the amended complaint

23   must be dismissed.  The court will, however, grant leave to file a second amended complaint.

24        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

25   about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo v.

26   Goode, 423 U.S. 362, 371 (1976).  Also, the second amended complaint must allege in specific

27

28   [1] In paragraphs 36 and 62, plaintiff states that defendant J. Martinez "straved" plaintiff for filing grievances.  (ECF No. 12 at 11, 16.)  It is unclear what plaintiff means by the word "straved."

5

1    terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C.

2    § 1983 unless there is some affirmative link or connection between a defendant's actions and the

3    claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

4    588 F.2d 740, 743 (9th Cir. 1978).

5            Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

6    their employees under a theory of respondeat superior and, therefore, when a named defendant

7    holds a supervisorial position, the causal link between him and the claimed constitutional

8    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979)

9    (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d

10   438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert.

11   denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of

12   official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673

13   F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal

14   participation is insufficient).

15           In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

16   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

17   complaint be complete in itself without reference to any prior pleading.  This requirement exists

18   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

19   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the

20   original pleading no longer serves any function in the case.  Therefore, in a second amended

21   complaint, as in an original complaint, each claim and the involvement of each defendant must be

22   sufficiently alleged.

23           In accordance with the above, IT IS HEREBY ORDERED that:

24           1.  Plaintiff's amended complaint is dismissed;

25           2.  Plaintiff is granted thirty days from the date of service of this order to file a second

26   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

27   of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

28   docket number assigned this case and must be labeled "Second Amended Complaint"; failure to

1    file a second amended complaint in accordance with this order will result in the dismissal of this

2    action.

3        3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

4    complaint by a prisoner.

5        4. Plaintiff is cautioned that failure to comply with this order may result in the imposition

6    of sanctions, including dismissal of this action pursuant to Rule 41(b) of the Federal Rules of

7    Civil Procedure.

8    Dated:  April 28, 2015

9

10                           KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE

/thom2995.14a

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7