UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LATRELL THOMAS,<br><br>     Plaintiff,<br><br>     v.<br><br>JEFF MCCOMBER, et al.,<br><br>     Defendants. | No.  2:14-cv-2995 KJN P<br><br><br><br>ORDER |

I. Introduction

     Plaintiff is a state prisoner proceeding without counsel. Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Plaintiff's motion for preliminary injunction is before the court. In the instant action, plaintiff claims that defendants at California State Prison, Sacramento ("CSP-SAC"), who worked in the Psychiatric Service Unit ("PSU"), discriminated against plaintiff by placing him on excessive restrictions and placing him in a Behavioral Incentive Program which treated him differently than other prisoners in the same custody class based on his mental illness. Plaintiff alleges that when he filed prison grievances and "civil actions," defendants allegedly retaliated against him by placing him on illegal restriction, denying him mental health treatment, removing his EOP status, and transferring him out of the prison.

////

Plaintiff claims that when he arrived at California State Prison, Corcoran, he "regressed and attempted suicide at least twice," was hospitalized, returned to EOP status, and sent to the Department of Mental Health for "higher treatment." (ECF No. 13 at 1.) Plaintiff claims that the California Department of Corrections and Rehabilitation has only one PSU, which is at CSP-SAC, but that plaintiff has been endorsed for transfer to Pelican Bay State Prison, based on alleged threats of assault on CSP-SAC staff which plaintiff claims are untrue. Plaintiff contends that CSP-SAC has three different PSU units, 6 different blocks and 2 different yards, and their staff is trained to deal with inmates with mental illnesses, unlike Pelican Bay, which plaintiff contends has no PSU. Plaintiff seeks a court order requiring plaintiff to be housed at CSP-SAC once plaintiff has returned from the Department of State Hospitals, and enjoining defendants to stop "all forms of retaliation" once he is rehoused at CSP-SAC. (ECF No. 13 at 2.) For the reasons set forth below, plaintiff's motion is denied.

II. Standards

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

////

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).  As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

III.  Discussion

Inmates do not have a constitutional right to be housed at a particular facility or institution or to be transferred, or not transferred, from one facility or institution to another.  Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam).  Nor does an inmate have a constitutional right to any particular classification.  Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987).  Alleged deprivations of rights arising from prison officials' housing and classification decisions do not give rise to a federal constitutional claim encompassed by the Fourteenth Amendment.  Board of Regents v. Roth, 408 U.S. 564, 569 (1972).

Moreover, because plaintiff suffers from a mental illness, and has recently attempted suicide, absent evidence of the threat of irreparable injury, the court must defer to prison officials as to plaintiff's appropriate housing at this time.  Indeed, plaintiff confirmed that he was returned

1   to EOP status and was sent to the Department of State Hospitals for "higher" treatment.  Plaintiff
2   further claims that while he was housed at CSP-Corcoran, he was put up for transfer to Pelican
3   Bay State Prison, but prison records now reflect that plaintiff is presently housed at the California
4   Health Care Facility ("CHCF") in Stockton.  It appears that plaintiff is receiving the appropriate
5   mental health care, and plaintiff fails to demonstrate he is at risk of irreparable harm at this time.
6         In addition, plaintiff's claims alleging retaliation while housed at CSP-SAC are unrelated
7   to his claim concerning a potential future transfer.  Because the grounds of plaintiff's request for
8   transfer is unrelated to the merits of the instant action, e.g. whether defendants at CSP-SAC
9   retaliated against plaintiff from 2010 to 2014 for conduct protected by the First Amendment, the
10  court is unable to address plaintiff's motion for transfer because such claim will not be heard on
11  the merits in the instant action.
12        Moreover, plaintiff seeks a court order to "stop all forms of retaliation" once he is
13  returned to CSP-SAC.
14        The jurisdiction of federal courts depends on the existence of a "case or controversy"
15  under Article III of the Constitution.  Public Utilities Com'n v. F.E.R.C., 100 F.3d 1451, 1458
16  (9th Cir. 1996).  A claim is considered moot if it has lost its character as a present, live
17  controversy, and if no effective relief can be granted:  "Where the question sought to be
18  adjudicated has been mooted by developments subsequent to filing of the complaint, no
19  justiciable controversy is presented."  Flast v. Cohen, 392 U.S. 83, 95 (1968).  Where injunctive
20  relief is involved, questions of mootness are determined in light of the present circumstances.
21  Mitchell v. Dupnik, 75 F .3d 517, 528 (9th Cir. 1996).
22        Because plaintiff is not presently housed at CSP-SAC, his request that defendants "stop all
23  forms of retaliation" is moot and speculative.  A preliminary injunction becomes moot if a
24  prisoner is transferred.  Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (citing
25  Johnson v. Moore, 948 F.2d 517, 510 (9th Cir. 1991) (per curiam)); Holt v. Stockman, 2012 WL
26  259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot
27  when he is transferred from the institution whose employees he seeks to enjoin from harming
28  him).  Plaintiff is not presently housed at CSP-SAC, and it is unclear if or when he may be housed

there again.  The court cannot grant injunctive relief based on generalized speculation about what may happen in the future.

     For all of the above reasons, IT IS HEREBY ORDERED that plaintiff's motion (ECF No. 13) is denied without prejudice.

Dated:  April 28, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/thom2995.pi